**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Hon. David D. Cleary |
| TRP BRANDS, LLC, *et al.*, | ) | |
| | ) | Case No. 24-1529 |
| Debtors. | ) | |
| | ) | (Jointly Administered) |

**OBJECTION TO THE TRUSTEE'S MOTION FOR AN ORDER**
**ESTABLISHING CASE MANAGEMENT PROCEDURES**

The WBD Defendants[1] (defined below) submit this objection to the *Creditor Trustee's Motion for an Order Establishing Case Management Procedures* [Dkt. No. 1044] (the "Motion") and state as follows:

## I. INTRODUCTION

The Creditor Trustee's May 6, 2026 motion seeking, among other things, entry of an order establishing case management and discovery procedures is a half-baked, transparent attempt to exert leverage on defendants by increasing the cost of litigation. Defendants who have valid pleadings-based defenses should not be forced to capitulate just to avoid expensive and time-consuming discovery. Any discovery the Trustee could seek would be a fishing expedition as evidenced by the fact the Trustee merely seeks categories of documents such as "payment histories, invoices, and other transactional records," which the Trustee already has in his capacity as the debtors' representative and successor to their business records. The Trustee fails to identify any specific documents he would seek from WBD Defendants or any other defendant that the Trustee

---

[1] By filing this Objection to the Motion, WBD Defendants preserve, and do not concede, the service of process and jurisdictional arguments made in their respective motions to dismiss.

could plausibly use to oppose the motions to dismiss.  The Court should not countenance the Trustee's motion.

The Trustee's "two-track" proposed framework is arbitrary, would result in a lack of uniformity among pending actions, and is underdeveloped.  Under the proposed framework, procedurally distinct cases, such as those where the defendant has filed a dispositive motion to dismiss and those where the defendant has answered, would be deemed "procedurally mature" and ready for discovery, whereas those "in communications" with the Trustee would not.  These are arbitrary distinctions that would not result in a fair, workable framework.  Moreover, the law firm handling approximately 33 of the 170 preference complaints (Robbins DiMonte, Ltd.) has not joined the Trustee's motion, and thus, those 33 preference actions are not subject to any discovery or case procedure requests.  This would result in lack of uniformity among the 170 pending preference actions, where, by virtue of Trustee's present counsel withdrawal from those actions, some defendants would be subject to discovery and others not.  Finally, the Trustee's proposed framework is underdeveloped.  He fails to propose a framework that includes the ordinary matters addressed in similar cases: mediation procedures and deadlines, responses to settlement proposals, expert discovery, and the like. The Trustee's proposed framework should be rejected as incoherent, unworkable, and inefficient.

Finally, WBD Defendants have filed motions to dismiss in their respective adversary proceedings—Adv. Proc. Nos. 26-00037, 26-00042, and 26-00078 (together, "WBD Defendants")—which remain pending before this Court.  Two motions to dismiss have been taken under advisement just a month ago, with the third one scheduled for argument on May 20, 2026.  Thus, the Court should deny the Trustee's motion also because WBD Defendants' motions to dismiss, if granted, would moot the need for discovery.

WBD Defendants respectfully submit that the Court should stay discovery in these proceedings pending adjudication on a final basis of dispositive motions.[2]

## II.     ARGUMENT

It is well established that district courts retain broad discretion to manage their dockets and resolve discovery disputes. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."). The exercise of that discretion routinely includes staying discovery pending the resolution of dispositive motions where, as here, such motions may render discovery entirely unnecessary.

The Third Circuit recently affirmed this principle in *Elfar v. Township of Holmdel*, 2025 U.S. App. LEXIS 4852, at *15 (3d Cir. Mar. 3, 2025), holding that a district court did not abuse its discretion by staying discovery pending dispositive motions to conserve judicial resources. The court explained that "courts may reasonably stay discovery pending a motion to dismiss where the motion may render discovery futile." Similarly, in *FTX Recovery Trust v. Meerun* (*In re FTX Trading Ltd.*), 669 B.R. 575, 580 (Bankr. D. Del. 2025), the bankruptcy court stayed discovery pending resolution of dispositive motions under comparable circumstances.  These principles apply with particular force here.

### A.     Discovery Would Not Reveal a Basis to Defeat WBD Defendants' Motions

The Trustee fails to identify any discovery he could seek from WBD Defendants that Trustee himself lacks access to as the successor representative of the debtors' estates and could plausibly be used to defeat the Motions to Dismiss.  A stay of discovery is appropriate where a pending dispositive motion can resolve the case and where "requested discovery is unlikely to

---

[2] If the Court is inclined to open discovery, WBD Defendants request at least 180 days given some of them are foreign defendants and obtaining discovery is more complicated in those locations.

3

produce facts necessary to defeat the motion." *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993). "Stays of discovery are appropriate where, among other things, the motion to dismiss can resolve the case, where the motion raises a potentially dispositive threshold issue (such as a challenge to standing), or where ongoing discovery is unlikely to produce facts necessary to defeat the motion." *Braun v. City of McHenry*, No. 21 C 50003, 2021 WL 12332322, at *2 (N.D. Ill. Apr. 8, 2021); *Su v. Su*, No. 19 CV 7772, 2022 WL 22877455, at *2 (N.D. Ill. Apr. 11, 2022) (same); *Zip Top, Inc. v. SC Johnson & Son, Inc.*, No. 22-CV-5028, 2023 WL 12039681, at *1 (N.D. Ill. June 7, 2023) (same). Discovery should be stayed because discovery from WBD Defendants is unlikely to produce facts that could help the Trustee defeat the motions to dismiss.

While the Trustee argues discovery is necessary to obtain "payment histories, invoices, and other transactional records," the Trustee already has those documents as evidenced by the amended complaints and attachments to the amended complaints, as well as his asserted pre-suit due diligence mandated by section 547(b). *See* Case No. 26-00037, Dkt. No. 8, ¶¶ 14, 15; Case No. 26-00042, Dkt. No. 8, ¶¶ 23–41, 47–55; Case No. 26-00078, Dkt. No. 7, ¶¶ 9, 18. For example, the attachments to the amended complaints purport to show the name of the payee, the clear date, bank account number, payment date, invoice number, and amount, among other information, for each challenged transaction. *See, e.g.,* Case No. 26-00037, Dkt. No. 8-1; Case No. 26-00042, Dkt. No. 8-1. The Trustee fails to identify any other potentially relevant documents that may be within Womble Defendants' possession, but not the Trustee's possession or ability to access from the Debtors' records. Clearly, under the Debtors' plan [Dkt. No. 584 & 661 (Exhibit 1)], the "Creditor Trust Assets" were transferred to the Trustee and those assets include all Books and Records[3] related to the Debtors' avoidance actions. Art. I.hh. and q. Similarly, Article IV.26 of the Debtors'

---

[3] "Books and Records" means, with respect to each Debtor, all books and records of that Debtor, including, without limitation, all documents and communications of any kind, whether physical or electronic.

4

Plan provides:

**26.    Books and Records**

As part of the appointment of the Creditor Trustee and at his/her election, the Debtors shall transfer copies of all of their Books and Records, solely to the extent such Books and Records relate to the Creditor Trust Assets, to the Creditor Trustee in a form, manner, or media mutually agreed to by the Debtors and the Creditor Trustee.

Even assuming the Trustee could identify documents Womble Defendants have, but he does not, the Trustee fails to articulate how those documents would assist him in opposing the already-briefed (and in some cases argued) Motions to Dismiss.  The gravamen of the Womble Defendants' Motions to Dismiss is based on legal theories, such as that the Trustee's amended complaints are barred by the statute of limitations (and do not relate back), fail to satisfy the elements of sections 547 and 549 (because payments were not made on account of antecedent debt as evidenced by invoices and payment data already on file with the Court), or lack of service of process.  In his oppositions to the Motions to Dismiss, the Trustee did not identify any specific documents, or even categories of documents, that the Trustee could use to oppose the Motions to Dismiss.  On the contrary, the Trustee opposes the motions to dismiss by erroneously arguing that the original complaints *on their face* are sufficient to overcome the pending dismissal requests. *See* Case No. 26-00037, Dkt. No. 17, ¶¶ 19–21; Case No. 26-00042, Dkt. No. 12, ¶¶ 26–28; Case No. 26-00078, Dkt. No. 13, ¶¶ 33–40.  These arguments are an admission by the Trustee that no discovery will be helpful in opposing the WBD Defendants' fully briefed motions to dismiss.

Moreover, whether an amended complaint relates back to an original complaint under Rule 15(c) is a purely legal question, resolved by comparing the allegations in the original and amended pleadings.  No amount of discovery from WBD Defendants will alter the contents of the original complaints or change the legal analysis of whether those complaints provided adequate notice. The Trustee's attempt to conflate the need for discovery on the merits with the resolution of a

threshold legal question should be rejected.

Finally, the Trustee opposed WBD Defendants' request to incorporate by reference the very same invoices the Trustee claims he needs in discovery (but already has).  Case No. 26-00078, Dkt. No. 13, ¶¶ 24–28.  It makes no sense that the Trustee would oppose incorporating by reference the invoices underlying his claims, yet propose opening discovery to obtain those same invoices to oppose the motions to dismiss.

In sum, the Trustee's generic reference to seeking discovery of documents he already has, and without identifying any specific documents he lacks that could be used to oppose WBD Defendants' motions to dismiss, is insufficient to justify opening discovery while dispositive motions are pending.  The Trustee's motion to open discovery should be denied.

**B.      WBD Defendants' Motions Are Case Dispositive**

Contrary to the Trustee's assertion, the motions to dismiss are dispositive because if granted, the Trustee's amended complaints would be time-barred by the statute of limitations.  *See e.g., In re M. Fabrikant & Sons, Inc.*, 447 B.R. 170, 197 (Bankr. S.D.N.Y. 2011), *aff'd*, 480 B.R. 480 (S.D.N.Y. 2012), *aff'd*, 541 F. App'x 55 (2d Cir. 2013) ("the preference claims are time-barred, and any attempt to replead them would be futile."); *In re 360networks (USA) Inc.*, 367 B.R. 428, 430 (Bankr. S.D.N.Y. 2007) (denying the plaintiff's request for leave to amend because such amendment "would be futile because the statute of limitations has expired with respect to the additional transfers…[and a]n amendment to add the additional transfers would not relate back to the original Complaint under Fed. R. Civ. P. 15(c)(2)."); *Akins-Brakefield v. Philip Env't Servs. Corp.*, No. 08-CV-710-DRH, 2010 WL 1032637, at *15 (S.D. Ill. Mar. 17, 2010) (dismissing time-barred claims with prejudice); *Simpson v. Doody*, No. 18 C 4627, 2019 WL 3777005, at *4 (N.D. Ill. Aug. 12, 2019) (same).

WBD Defendants' motions to dismiss, if resolved in their favor, would dispose of the Trustee's claims in their entirety, making any discovery that occurred in the interim both unnecessary and wasteful. *See William Powell Co. v. Aviva Ins. Ltd.*, No. 21-cv-522, 2023 U.S. Dist. LEXIS 141158, at *20 & n.14 (S.D. Ohio Aug. 11, 2023) (explaining it would be "wasteful" to require full discovery participation by a defendant when a pending dispositive motion, if granted, could eliminate that defendant from the case entirely); see also *Berry Plastics Corp. v. Ill. Nat'l Ins. Co.*, 2017 U.S. Dist. LEXIS 221286, at *6 (S.D. Ind. Jan. 20, 2017) (staying discovery pending resolution of summary judgment motion).

The Trustee fails to identify any case in which a court granted leave to amend despite finding the statute of limitations barred the claims because the relation back doctrine did not apply. Under the relation back doctrine, courts determine "whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claims." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) (emphasis added).  The allegations in the original complaint are fixed, and thus no amendment can cure a deficient original complaint that fails to provide the defendant notice of the nature and scope of the plaintiff's claims.  If the relation back doctrine does not apply, no subsequent amendment can cure that problem.  The Trustee impliedly concedes as much in his oppositions to the motions to dismiss.  The Trustee neither argued an alternative basis to the relation back doctrine under which the amended complaints survived, nor identified any additional facts that the Trustee could allege to survive dismissal.

Finally, the Trustee's citation to *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013) does not change this conclusion.  *Luevano* merely grazes over the question of when leave to amend should be denied.  Rather, the defendant challenged the plaintiff's ability to file an amended complaint because of the plaintiff's in *forma pauperis* status.  *Id.* at 1022.  The Seventh Circuit

7

held that an in *forma pauperis* plaintiff has the same right to amend as fee-paying plaintiffs. *Id.* at 1024. *Luevano* provides no support for the Trustee's claim that leave to amend should be granted for complaints that are time-barred.

WBD Defendants' motions to dismiss on statute of limitations grounds, if granted, would be case dispositive. Therefore, the Court should stay discovery pending resolution of the motions.

**C.     A Stay or Postponement of Discovery is Appropriate and Would Promote the Efficient Administration of the Proceedings**

A stay would serve the interests of judicial economy and reduce the burden of litigation on all parties and the Court. *See Piekarski v. Amedisys Ill., LLC*, No. 12-CV-7346, 2013 U.S. Dist. LEXIS 74871, at *3 (N.D. Ill. May 28, 2013) (granting a stay of discovery that would "reduce the burden of litigation on the parties and the courts"); *Landstrom v. Illinois Dep't of Children & Family Services*, 892 F.2d 670, 674 (7th Cir. 1990) (district court did not abuse its discretion by staying discovery pending resolution of dispositive motions). This rationale is especially compelling in the present context, where the Trustee has commenced approximately 170 adversary proceedings, and permitting discovery to proceed simultaneously in matters where the sufficiency of the pleadings, and in some instances jurisdiction, is being contested, would impose significant and potentially unnecessary costs on all concerned.

The Trustee's attempt to create a "practical and orderly framework" fails at its inception. The Trustee's chart, which purports to identify "Track A" cases which are purportedly ready for discovery and "Track B" cases, which are not, reveals the holes in the Trustee's framework. First, there is a lack of uniformity in "Track A" cases. Several cases have had motions to dismiss filed (e.g., nos. 3, 7, 36, 37, 53, 81, 88, 108, 124), several cases have answers filed (e.g., nos. 5, 27, 29, 42, 43, 58, 68, 75, 82, 84, 92, 95, 96, 98, 101, 111, 112, 117, 130, 132), and one case is "in commun[i]c[atio]n" (e.g., no. 28). The Trustee fails to provide any explanation why cases with

such significantly different procedural postures should be treated identically.

There is also internal inconsistency with Trustee's proposed tracks. For example, case no. 47 ("Core Copley, LLC") is a Track B case despite purportedly having filed an answer. Likewise, cases nos. 62 and 79 have purportedly filed answers, but are also Track B cases. Case No. 28 ("Industrial Battery Products, Inc."), which is purportedly in communications with the Trustee, is a Track A case, despite the fact that all other cases listed on Exhibit A as being in communications are Track B cases. The Trustee's track-based system is internally flawed and contradictory and should not be adopted.

Moreover, as the Trustee concedes, discovery in only 26 percent of the 137[4] pending adversary proceedings would be opened under the Trustee's plan. It makes little sense to open discovery in 26 percent of the adversary proceedings, where the 26 percent lack uniformity and about a third of those matters are challenging the pleadings, potentially through dispositive motions.

Finally, the Trustee's proposal would result in a lack of uniformity among the 170 pending preference actions. The law firm representing the debtors in approximately 33 preference actions has not joined the Trustee's present motion and so those actions are not subject to any discovery or case procedure requests—an unfair and illogical result that the Trustee's motion ignores. The more efficient and economical approach would be to defer the decision on opening discovery to a future date, when there is greater clarity on the 101 "Track B" cases, after the Court has had an opportunity to rule on the pending motions to dismiss, and where the Court can order uniform

---

[4] The Trustee's reference to 137 adversary proceedings is misleading. The Trustee, through FisherBroyles, LLP, filed approximately 170 preference complaints, and virtually all remain pending. Subsequently, after Mr. Wawrzyn changed firms, FisherBroyles was replaced by Buchalter LLP in approximately 137 cases. The remaining approximately 30 preference actions have been transferred to and are now being handled by the Robbins DiMonte, Ltd. law firm, **who did <u>not</u> join in the Trustee's present Motion**. Thus, the 30 or so preference actions are *not* subject to any discovery or case procedure requests.

9

discovery and case management procedures across all 170 preference actions.

### D.      Any Order Should Include More Developed Procedures

Referring avoidance action adversary proceedings to pre-discovery mediation[5], and establishing more robust case governance procedures, has proven highly successful in other bankruptcy cases.  Procedures orders containing non-binding mediation, stayed or streamlined discovery, etc, have been entered in other cases.  *See, e.g., In re AB Tech., LLC*, Case No. 23-11132 (TMH) (Dkt. No. 207) (Bankr. D. Del. Sept. 3, 2025); *In re Williams Industrial Services Group, Inc.*, Case No. 23-10961 (BLS) (Dkt. No. 1325) (Bankr. D. Del. Aug. 28, 2025); *In re Armstrong Flooring, Inc., et al.*, Case No. 22-10426 (MFW) (Dkt. No. 1427) (Bankr. D. Del. June 13, 2023); *In re HRB Winddown, Inc., et al.*, Case No. 19-12689 (BLS) (Dkt. No. 845) (Bankr. D. Del. Mar. 4, 2022); *In re Fred's, Inc., et al.*, Case No. 19-11984 (CTG) (Dkt. No. 1582 & 1585) (Bankr. D. Del. Oct. 20, 2021); *In re Insys Therapeutics, Inc., et al.*, Case No. 19-11292 (JTD) (Dkt. No. 1565); *In re J & M Sales, Inc., et al.*, Case No. 18-11801 (JTD) (Dkt. No. 2255 & 2256) (Bankr. D. Del. Mar. 18, 2020); *In re Central Grocers, Inc.*, 17-13886 (PSH) (Dkt. No. 1533) (Bankr. N.D. Ill. May 17, 2018).  As the Court has heard at prior hearings in this Case, many defendants' informal attempts at resolution of preference actions have been unsuccessful and stonewalled by the Trustee's (or his counsel's) summary rejection of offers and refusal to meaningfully engage on the merits.  Mediation may help break the stalemate in many of the pending actions, to the benefit of all stakeholders.

### III.    CONCLUSION

For the foregoing reasons, WBD Defendants respectfully request that the Court stay all discovery in their respective adversary proceedings pending adjudication on a final basis of

---

[5] Referral to mediation would also be in furtherance of the objectives of Local Rule 9060-1, which is to streamline and effectuate an efficient resolution of contested matters and adversary proceedings.

potentially case dispositive motions, and for such other and further relief as this Court deems just

and proper.

Dated:  May 14, 2026            Womble Bond Dickinson (US) LLP

*/s/ Wojciech F. Jung*
Wojciech F. Jung (ARDC 6284435)
888 Seventh Avenue, 38th Floor
New York, New York 10106
Tel. Phone: 332-258-8400
Email :  Wojciech.Jung@wbd-us.com

*Attorneys for Lifestyle Enterprise, Inc. and Lifestyle DCG, Inc.; Dickson Industries LLC (dba Avalon Furniture); Jason Furniture (Hangzhou) Co., Ltd., and Kuka Sleep Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, a true and correct copy of the foregoing
***OBJECTION TO THE TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING CASE
MANAGEMENT PROCEDURES*** was electronically filed and served via CM/ECF to the
following:


Matthew Michael Wawrzyn
BUCHALTER LLP
180 NORTH LASALLE STREET, SUITE 2300
CHICAGO, IL 60601

*COUNSEL FOR PLAINTIFF MATTHEW BRASH,
CREDITOR'S TRUSTEE*


*s/ Caitlin Halm*
Of: Womble Bond Dickinson (US) LLP

12