UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| TRP BRANDS, LLC, et al., | ) | |
| | ) | Case No. 24-1529 |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| MATTHEW BRASH, solely in his capacity | ) | |
| As Trustee of the TRP Brands Creditor | ) | |
| Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adv. Proc. 26-00135 |
| THE CIT GROUP/COMMERCIAL | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**CIT'S JOINDER TO OBJECTIONS TO CREDITOR TRUSTEE'S MOTION
FOR AN ORDER ESTABLISHING CASE MANAGEMENT PROCEDURES**

The CIT Group/Commercial Services, Inc. ("CIT"), files this joinder to the objections of

WB Defendants[1] and Total Quality Logistics, LLC [Docket Nos. 1047-1048] (the "Objectors") to

the Creditor Trustee's Motion For An Order Establishing Case Management Procedures.[2]

**JOINDER**

CIT adopts the arguments of the Objectors. Additionally, CIT notes that it has a pending

motion under the Federal Rules of Civil Procedure (the "Rules")12(e) made applicable herein

---

[1] The WB Defendants are Lifestyle Enterprise, Inc. and Lifestyle DCG, Inc.; Dickson Industries LLC (dba  Avalon Furniture); Jason Furniture (Hangzhou) Co., Ltd., and Kuka Sleep Inc.
[2] CIT likewise reserves it right to join in the arguments of any other Defendant to the extent not inconsistent with this Joinder.

pursuant to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 7012, requiring the Plaintiff to file a more definitive statement of its Amended Complaint (the "Rule 12(e) Motion").  Specifically, through the Rule12(e) Motion CIT is seeking information that the Trustee was required to have examined before commencing this adversary proceeding. Furnishing this information in advance of formal discovery will allow CIT to evaluate the case, prepare its defenses and attempt to resolve this matter prior to engaging in discovery.

It appears that the Trustee is not seriously attempting to resolve these actions, and has expressly rejected the Court's invitation in the *Order Setting Schedule for Case Management Procedures Motion* [Docket No. 1042] to propose "settlement and mediation procedures, or other mechanisms that would provide an efficient process for the resolution of the Adversary Proceedings." *Id. at ¶5.*  It is unfortunate that months after the initiation of the CIT adversary proceeding, the Trustee has not provided CIT with information sufficient to identify if the transfers alleged in the Amended Complaint even occurred.  The undersigned counsel regularly defends CIT in preference actions in bankruptcy courts around the country, and it is not the practice of counsel or CIT to deny receiving transfers that are located and identifiable.  CIT has simply asked the Trustee to adequately identify the alleged transfers, because it cannot do so with the information contained in the Amended Complaint.  Accordingly, until such time as the Rule 12(e) Motion is adjudicated and CIT is required to file an answer in its adversary proceeding, CIT submits that it should not be bound by a 90 day expedited discovery schedule.[3]

---

[3] In the event the Court is inclined to enter discovery deadlines, CIT respectfully submits that discovery should not conclude until thirty days after the Trustee has fully responded to discovery issued by CIT so CIT can issue follow-up requests and properly search its records to respond to requests issued to it.  While ordinarily this relief would not be required, under the present circumstances, where CIT cannot identify the vast majority of the alleged transfers, and the Trustee has failed to provide a more definitive statement of his claims, CIT submits that this relief is warranted.

## CONCLUSION

For the foregoing reasons, and the reasons set forth by the Objectors, CIT respectfully requests that the Court stay all discovery in the CIT adversary proceeding until CIT is required to file an answer to the Amended Complaint, and for such other and further relief as this Court deems just and proper.

Dated: May 14, 2026

**THOMPSON COBURN LLP**

By:___*/s/ Joseph Orbach*___

Joseph Orbach (admitted *pro hac vice*)
488 Madison Avenue, 15th Floor
New York, NY 10022
212-478-7200
jorbach@thompsoncoburn.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing pleading was filed in the Main Case using the Court's CM/ECF filing service on May 14, 2026 and was served on counsel to the Plaintiff electronically. The undersigned further certifies that a copy of the foregoing pleading was served via email on May 14, 2026 to Matthew Wawrzyn counsel for the Plaintiff at mwawrzyn@buchalter.com.

*/s/  Joseph Orbach*