**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Hon. David D. Cleary |
| TRP BRANDS, LLC, *et al.*, | ) | |
| | ) | Case No. 24-1529 |
| Debtors. | ) | |
| | ) | (Jointly Administered) |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING
ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO
SECTIONS 547, 549, AND 550 OF THE BANKRUPTCY CODE**

Upon the *Creditor Trustee's Motion for an Order Establishing Case Management Procedures [Dkt. No. 1044]* (the "Motion"),[1] by Matthew Brash, solely as Trustee of the Creditor Trust for the TRP Brands, LLC bankruptcy estates ("Plaintiff" or the "Creditor Trustee") and as successor in interest to the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7012, 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7026-1 and 9060-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), establishing streamlined procedures governing adversary proceedings brought by Plaintiff under sections 547, 549, and 550 of the Bankruptcy Code in connection with the above-captioned chapter 11 cases, which are identified in **Exhibit 1** annexed hereto (each an "Avoidance Action," and collectively, the "Avoidance Actions"); and this Court

---

[1] Capitalized terms used but not otherwise defined herein are defined in the Motion.  Robbins DiMonte, Ltd., represents Plaintiff in certain Avoidance Actions that were not included in the Motion and are not addressed by this Order.

having jurisdiction to consider and determine the Motion as a core proceeding in accordance with

28 U.S.C. §§ 157, 1331 and 1334; and it appearing that the relief requested in the Motion is

necessary and in the best interests of the parties; and due notice of the Motion having been

provided; and it appearing that no other or further notice of the Motion need be provided; upon

agreement and/or no opposition to the relief granted herein by the parties who filed oppositions

(or joinders thereto) to the Motion; and sufficient cause appearing therefore, it is hereby:

**ORDERED**, that the Motion be, and hereby is, granted in all respects as set forth herein;

and it is further

**ORDERED**, that the procedures governing the Avoidance Actions are as follows:

A.  **Effectiveness of this Order**

1.    This Order shall apply to all Defendants in the Avoidance Actions listed on **Exhibit 1**.

2.    This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

B.  **Extensions to Answer or File Other Responsive Pleading to the Complaint**

3.    Notwithstanding the time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action as may be set forth in the summons issued and served for such Avoidance Action, the time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action is extended to and including sixty (60) days after the issuance of the summons. Without further order of the Court, the parties may stipulate to no more than two (2) additional extensions of time of thirty (30) days each, with such stipulations to be filed on the respective adversary proceeding docket.

C.  **Waiver of Requirement to Conduct Initial Pretrial Conference**

4.    The requirements of Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 (i.e., pretrial conferences), are hereby waived and not applicable with respect to the Avoidance Actions. Neither Plaintiff nor any Defendant shall be required to appear at an initial pretrial conference or any

2

subsequently scheduled pretrial conferences.  For the avoidance of doubt, the waiver of the requirements of Federal Rule of Civil Procedure 16 as set forth herein shall not apply to the requirements of Federal Rule of Civil Procedure 16(e) and 16(f).

**D. Waiver of Requirement to Conduct Scheduling Conference**

5. The requirements of Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (i.e., mandatory meeting before scheduling conference/ discovery plan), are hereby waived and not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E. Discovery, Mediation, and Dispositive Motion Schedule**

6. The parties' obligation to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the mediation process is concluded; provided that the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, Plaintiff and any Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the mediation process. For any Defendant who elects to not participate in the mediation process pursuant to paragraph 8, the mediation process shall be deemed concluded upon such Defendant providing Plaintiff with written notice electing to not participate in the mediation process.

7. Any open Avoidance Actions that have not been resolved or settled within sixty days of the entry of this Order (the "Remaining Avoidance Actions"), shall be referred to mediation, *provided, however*, that any Defendant who as of May 31, 2026 has filed with the Court a dispositive motion (i.e., motion for a more definitive statement, motion to dismiss or for summary judgment) and such motion is pending as of the date of this Order may defer participation in the mediation until the Court rules on its motion (the "Dipositive Motion Order") and the applicable dates determined as set forth in paragraphs 9 through 23 (i.e., based upon either entry of this Order or the Dispositive Motion Order, as applicable) shall be based upon entry of the Dispositive Motion Order.[2]

8. Any Defendant may elect not to participate in the mediation process established by this Order by providing written notice to Plaintiff's counsel within fourteen (14) days after becoming subject to the mediation provisions of this Order. A Defendant becomes subject to the mediation provisions of this Order 60 days after entry of this Order. However, if a Defendant's Dispositive Motion remains pending 60 days after entry of this Order, such Defendant may elect to defer its election to not participate in the mediation process established by this Order. If such a Defendant defers its election, they shall become subject to the mediation provisions of this

---

[2] For avoidance of doubt, should a dispositive motion be decided in Defendants' favor resulting in the dismissal of the Avoidance Action, such Defendant shall be excused from further compliance or mandates of this Order.

Order upon the entry of a Dispositive Motion Order.  The Court retains authority to require mediation at a later stage of the proceeding, including in connection with a settlement conference, pretrial proceedings, or upon motion of a party.

9.      Between sixty (60) and seventy-five (75) days from the entry of this Order or the Dispositive Motion Order, as applicable, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," and collectively, the "Mediators") attached hereto as **Exhibit 2**. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of their choice of Mediator by contacting Plaintiff's counsel, Matthew Wawrzyn, Esq. in writing, via email at mwawrzyn@buchalter.com.  If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators on the Mediator List.  The parties may, by mutual agreement, select a different mediator.

10.     Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to conduct conflicts checks on the Defendant(s) and, in the event of a conflict, may abstain from the particular mediation but also may seek a waiver of such conflict from the parties to such Avoidance Action. In the event that the initially selected Mediator abstains or a waiver is not agreed upon by all parties, then the parties shall select another Mediator in accordance with the process contained in paragraphs 8 and 9 of this Order; provided that, the Defendant shall have three (3) business days to select another Mediator following notice that the initially selected Mediator abstains or a waiver is not agreed upon by all parties and if a selection is not made, Plaintiff will assign such Avoidance Action to one of the other Mediators on the Mediator List.

11.     On or about seventy-five (75) days after the entry of this Order or the Dispositive Motion Order, as applicable, Plaintiff, working with the Mediators, will commence scheduling mediations.  Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the mediator. Mediation will then be scheduled on a first-come, first-served basis.

12.     Promptly after selection of the Mediator and the scheduling of a mediation in a Remaining Avoidance Action, Plaintiff shall file a notice with the Court in the applicable Remaining Avoidance Action identifying the Mediator selected for such Avoidance Action and the date and time of the scheduled mediation (the "Mediation Notice").

13.     Within seven (7) calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating the date of the mediation, the attendees, whether

the Parties complied with this Order, and whether the Remaining Avoidance Action settled or did not settle.

14. All mediations of the Remaining Avoidance Actions must be concluded within one hundred forty-five (145) days of the entry of this Order or the Dispositive Motion Order, as applicable.

15. Any open Avoidance Actions shall be required to provide the disclosures required under Rule Federal Rule of Civil Procedure 26(a)(1), as incorporated by Bankruptcy Rule 7026 (the "Initial Disclosures") on or before one hundred fifty (155) days from the entry of this Order or the Dispositive Motion Order, as applicable.  With respect to Defendants who have opted out of mediation under Paragraph 8, Initial Disclosures shall be served within 10 days of the written notice to Plaintiff's counsel opting out of mediation.

16. All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the Mediator's Report is filed. For any Defendant who elects to not participate in the mediation process established by this Order, all written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the later of (a) Defendant providing written notice of its election to not participate in the mediation process or (b) the entry of a Dispositive Motion Order if such Defendant filed a Dispositive Motion on or before May 31, 2026. In either case, such written discovery shall not be served in any open Avoidance Action after one hundred eighty (180) days after the entry of this Order or the Dispositive Motion Order, as applicable.

17. The parties to the Avoidance Actions shall have through and including two hundred eighty-five (285) days from the entry of this Order or the Dispositive Motion Order, as applicable, to complete non-expert, fact discovery including depositions of fact witnesses.

18. Except as otherwise provided herein, Federal Rules of Civil Procedure 26–37, to the extent made applicable to the Avoidance Actions by Bankruptcy Rules 7026–7037, shall apply to the Avoidance Actions.

19. Should a discovery dispute arise, the complainant shall file with the Court (in the applicable Remaining Avoidance Action) a letter outlining said issues and forward a copy to chambers.  Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two pages. Respondent's reply, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.  Unless the Court directs otherwise, and except for the consultation requirements, Local Rule 7037-1 shall not apply.

20. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) concerning any issue

on which a party bears the burden of proof (not including any report by Plaintiff on insolvency), and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, such expert reports, if any, shall be made to the adverse party within three hundred and five (305) days of the entry of this Order or the Dispositive Motion Order, as applicable.

21.     Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) of the parties' rebuttal experts, and (b) Plaintiff's report on the insolvency of the Debtors, if any, shall be made to the adverse party within three hundred thirty-five (335) days of the entry of this Order or the Dispositive Motion Order, as applicable.

22.     All expert discovery, including expert witness depositions, shall be concluded within three hundred sixty-five (365) days of the entry of this Order or the Dispositive Motion Order, as applicable.

23.     All dispositive motions shall be filed and served by three hundred ninety-five (395) days from the entry of this Order or the Dispositive Motion Order, as applicable. The Local Rules governing dispositive motions in adversary proceedings, including Local Rules 9013-1, shall apply.

## F.  **Mediation Procedures and Requirements**

24.     Because the Remaining Avoidance Actions are proceedings before this Court, Illinois is the proper forum for mediation; *provided*, *however*, no Defendant shall be required to attend mediation in person, and virtual appearance may suffice.

25.     Any person selected as a Mediator may be disqualified for bias or prejudice in the same manner that a Judge may be disqualified under 28 U.S.C. § 44. Any person selected as a Mediator will be disqualified in any matter where 28 U.S.C. § 455 would require disqualification if that person were a Judge.  Promptly after receiving notice of appointment, the Mediator must make an inquiry sufficient to determine whether there is a basis for disqualification. The inquiry shall include, but shall not be limited to, a search for conflicts of interest in the manner prescribed by the applicable rules of professional conduct for attorneys.

26.     The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. Mediations shall take place remotely unless all parties agree to mediation in person.  At least one counsel for each party and a representative of each party having full settlement authority shall attend the entire mediation.

27.     The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not

apply. Each Mediator may implement additional procedures that are reasonable and practical under the circumstances.

28. The Mediator may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

29. The parties must participate in the scheduling of mediation and mediate in good faith. If the mediator believes that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and Mediator's fees.

30. Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with this Order with respect to mediation, may result in a default judgment, sanctions, or dismissal being obtained against the party failing to comply with the mediation provisions. The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in this Order.

31. The fees and costs of the Mediator shall be paid equally by Plaintiff, on the one hand, and each Defendant, on the other hand, according to the following flat-fee schedule:   (A) Amount alleged $100,000 or less ($3,000 Mediation Fee); (B) Amount alleged $100,001 to $250,000 ($4,000 Mediation Fee); (C) Amount alleged $250,001 to $1,000,000 ($5,000 Mediation Fee); and (D) Amount alleged $1,000,001 or greater ($6,000 Mediation Fee).  The parties shall pay one-quarter of the Mediation Fee at least seven business days prior to the commencement of mediation (the "Initial Mediation Fee"). The remaining fee will be paid by the parties on the date of mediation, should the mediation go forward. If the parties settle prior to the mediation, the Mediator must be informed of the settlement prior to seven calendar days before the scheduled mediation or the full Initial Mediation Fee is nonrefundable.

32. Mediation that is continued for more than five (5) hours will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by Plaintiff.

33. Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time.

34.     Mediation statements are due seven (7) calendar days prior to the mediation to the Mediator. The mediation statements shall be shared with the opposing party, except that any party that has confidential information may share the same solely with the Mediator. The Mediator may direct the parties as to further instructions regarding the mediation statements.

35.     Without the prior consent of all parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then (a) the Mediator shall not personally participate in the representation of that Defendant, (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it, and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to this Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

36.     The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under this Order. Any documents provided to the Mediator by the parties shall be destroyed thirty (30) days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order.

37.     All proceedings and writing incident to the mediation shall be privileged and confidential and inadmissible at trial, and shall not be reported or placed in evidence.

## G. **Avoidance Actions Omnibus Hearings**

38.     The initial pretrial conference shall be deemed waived. Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to quarterly status conferences. Except as otherwise ordered by the Court, all matters concerning any Avoidance Actions shall be heard only at status conferences before the Court (collectively, the "Avoidance Actions Omnibus Hearings"), at which there may be status conferences, final pre- trial conferences and hearings on motions, if any. All notices, motions, pleadings, requests for relief or other materials affecting an Avoidance Action shall be filed on the docket of each such Avoidance Action so affected.

39. Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless (a) a motion pertaining to a Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing, or (b) the Court has directed such Defendant to appear.

40. Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least thirty (30) calendar days after such motion, pleading, request for relief or other materials are filed and served.

41. Plaintiff shall file a report one (1) week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

42. If, after all discovery has been completed in an Avoidance Action, mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to this Order, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

## H. **Miscellaneous**

43. The Local Rules and general orders issued by the Court shall apply, except that this Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

44. Bankruptcy Rule 9006(a)(1)(C) applies to all deadlines established by this Order. If any deadline set by this Order would fall on a Saturday, Sunday, or legal holiday, then the deadline runs on the next day that is not a Saturday, Sunday, or legal holiday.

45. The deadlines and/or provisions contained in this Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation shall be filed with the Court (though need not be approved by the Court); and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2026

_____
David D. Cleary
United States Bankruptcy Judge

Prepared by:

Matthew Wawrzyn (ARDC#6276135)
BUCHALTER LLP
180 N. LaSalle Street, Suite 2300
Chicago, Illinois 60601
Tel: (312) 705-3908
Email: mwawrzyn@buchalter.com

*Counsel for Plaintiff Creditor Trustee*

## EXHIBIT 1

**List of Adversary Proceedings**

**TRP Brands LLC Creditor Trustee (Adversary Proceedings)**

|  | Defendant | Proceeding |
|---|---|---|
| 1 | Alan J. Sussman & Associates, Inc. | 26-00035 |
| 2 | Jason Furniture Ltd and KUKA Sleep Inc. | 26-00037 |
| 3 | Man Wah Home (USA) Inc. | 26-00039 |
| 4 | Pegasus Logistics Group, Inc. | 26-00040 |
| 5 | The Hong Kong and Shanghai Banking Corporation Limited | 26-00041 |
| 6 | Lifestyle DCG, Inc and Lifestyle Enterprise Inc. | 26-00042 |
| 7 | Purple Innovations, LLC | 26-00043 |
| 8 | MJP 1400, LLC | 26-00046 |
| 9 | Valassis Communications, Inc. | 26-00047 |
| 10 | Apricot Furnishings Co., Ltd. | 26-00048 |
| 11 | Cozzia USA, LLC | 26-00050 |
| 12 | DMI Partners, Inc. | 26-00051 |
| 13 | The Travelers Companies, Inc. | 26-00053 |
| 14 | Acadia Merrillville Realty, L.P. | 26-00054 |
| 15 | Peak Living, Inc. | 26-00055 |
| 16 | Windstream Services, LLC | 26-00056 |
| 17 | Simmons Bedding, LLC | 26-00057 |
| 18 | DA International Inc. | 26-00058 |
| 19 | EJ Lauren, LLC | 26-00059 |
| 20 | Launch Interactive, LLC | 26-00060 |
| 21 | Top-Line Furniture, Inc. | 26-00061 |
| 22 | Synergy Home Furnishings LLC | 26-00062 |
| 23 | Holland House Furniture, LLC | 26-00063 |
| 24 | A&R Katz Management Inc. | 26-00064 |
| 25 | Office Keepers, Inc. | 26-00066 |
| 26 | Imperial Service Sys., Inc. | 26-00068 |
| 27 | Natl Plazas, Inc. | 26-00070 |
| 28 | California Choice Benefit Administrators | 26-00071 |
| 29 | Sagebrook Home, LLC | 26-00072 |
| 30 | CDW Direct, LLC | 26-00073 |
| 31 | Robert Half Intl Inc. | 26-00074 |
| 32 | PERQ, Inc. | 26-00075 |
| 33 | Alarm Detection Sys., Inc. | 26-00076 |
| 34 | Meta Platforms, Inc. | 26-00077 |
| 35 | Avalon Furniture, Inc. | 26-00078 |
| 36 | OH Marketing Group, LLC | 26-00081 |

| 37 | Emarsys N. Am., Inc. | 26-00083 |
|----|----------------------|----------|
| 38 | Deplabs, Inc. | 26-00084 |
| 39 | Indianapolis Power & Light Co. | 26-00086 |
| 40 | Robin Realty & Management Co. | 26-00087 |
| 41 | Haining Furnish. Co. | 26-00088 |
| 42 | Najarian Furniture Co. | 26-00091 |
| 43 | LendPro LLC | 26-00092 |
| 44 | Core Copely, LLC | 26-00093 |
| 45 | Broadstone TRP Indiana, LLC | 26-00094 |
| 46 | Delta Dental of Illinois, Inc. | 26-00095 |
| 47 | Prime Resources Intl, Inc. | 26-00096 |
| 48 | Tidal Commerce, Inc. | 26-00098 |
| 49 | Exclusive Concepts, Inc. | 26-00100 |
| 50 | Total Quality Logistics, LLC | 26-00101 |
| 51 | Urban Mfg. | 26-00102 |
| 52 | Trendwood Inc. | 26-00103 |
| 53 | US REIF Joliet SC Fee, LLC | 26-00104 |
| 54 | Vilo Home Inc. | 26-00105 |
| 55 | Park Point Plaza Associates LLC | 26-00106 |
| 56 | Realty Holding LLC | 26-00107 |
| 57 | 8401 Michigan Road, LLC | 26-00108 |
| 58 | Malls at Gurnee Mills, LLC | 26-00110 |
| 59 | Twin Star International, Inc. | 26-00111 |
| 60 | Magnussen Home Furnish. Ltd. | 26-00112 |
| 61 | RMS Properties, Inc. | 26-00113 |
| 62 | BZA Kenosha, LLC | 26-00114 |
| 63 | Progressive Casualty Ins. Co. | 26-00115 |
| 64 | D&R Family L.P. | 26-00116 |
| 65 | Metropolitan Warehouse & Delivery Corp. | 26-00117 |
| 66 | I Love Pillow, Inc. | 26-00118 |
| 67 | Home Meridian Int'l, Inc. | 26-00119 |
| 68 | NetJets Aviation Inc. | 26-00121 |
| 69 | Penske Truck Leasing Co., L.P. | 26-00122 |
| 70 | Flores Design Fine Furniture, Inc. | 26-00126 |
| 71 | Thera-a-Pedic Midwest, Inc. | 26-00127 |
| 72 | Zieco Carriers of Indiana, Inc. | 26-00128 |
| 73 | Elements International Group, LLC | 26-00129 |
| 74 | Global Furniture, USA, Inc. | 26-00130 |
| 75 | HHC USA Corporation | 26-00131 |
| 76 | Health Service Corporation | 26-00133 |
| 77 | Altimate Delivery Services, Inc. | 26-00134 |
| 78 | CIT Group/Commercial Services, Inc. | 26-00135 |
| 79 | Albany Industries, Inc. | 26-00136 |

2

| 80 | Deliveright Logistics Inc. | 26-00137 |
|---|---|---|
| 81 | Steve Silver Company | 26-00138 |
| 82 | Sofamaster LLC | 26-00139 |
| 83 | H317 Logistics, LLC | 26-00140 |
| 84 | FGMK LLC | 26-00143 |
| 85 | Best Edit Studios LLC | 26-00144 |
| 86 | JB Hunt Transport, Inc. | 26-00145 |
| 87 | Amini Innovation Corp. | 26-00148 |
| 88 | Korpack, Inc. | 26-00149 |
| 88 | Mlily USA Inc. | 26-00150 |
| 89 | First Insurance Funding | 26-00151 |
| 90 | Freight Club, Inc. | 26-00152 |
| 91 | Greenwood Place Commons, L.P. | 26-00153 |
| 92 | Fabelli Italia, Inc. | 26-00154 |
| 93 | Three Keys, LLC | 26-00155 |
| 94 | A.L.F. Uno S.p.a. | 26-00157 |
| 95 | Yeh Brothers World Private Ltd. | 26-00159 |
| 96 | Associated Material Handling, Inc. | 26-00160 |
| 97 | Stacklabs, LLC | 26-00161 |
| 98 | Attentive Mobile, Inc. | 26-00162 |
| 99 | Comcast Business Communications, LLC | 26-00163 |
| 100 | FD Home, Inc. | 26-00164 |
| 101 | Greyhound Plaza Associates, LP | 26-00165 |
| 102 | Coohom Inc. | 26-00168 |
| 103 | KONE Inc. | 26-00170 |
| 104 | Ameren Illinois Company | 26-00174 |
| 105 | Unlimited Graphix, Inc. | 26-00175 |
| 106 | JDM Logistics, Inc. | 26-00176 |
| 107 | Canon Financial Services, Inc. | 26-00177 |
| 108 | Salsify, Inc. | 26-00178 |
| 109 | Citizens Energy Group | 26-00179 |
| 110 | Groot, Inc. | 26-00180 |
| 111 | Lievo, Inc. | 26-00181 |
| 112 | Pixlee TurnTo, Inc. | 26-00182 |
| 113 | Blueram Technology, Inc. | 26-00184 |
| 114 | Temperature Engineering, Inc. | 26-00188 |
| 115 | FedEx Corporation | 26-00189 |
| 116 | Traffix USA Inc. | 26-00190 |
| 117 | Brinks Inc. | 26-00191 |
| 118 | Modus Furniture International, Inc. | 26-00195 |
| 119 | Classy Art, Inc. | 26-00201 |
| 120 | JOLA Interactive LLC | 26-00202 |
| 121 | Locksley Place, Inc. | 26-00204 |
| 122 | James Campbell Company LLC | 26-00207 |

3

**<u>EXHIBIT 2</u>**

**List of Mediators**

| **David M. Banker** | Law Offices of David M. Banker, Esq.<br>201.264.2591<br>dbanker@davidbankerlaw.com |
|---|---|
| **Michael A. Brandess** | Husch Blackwell LLP<br>312.526.1542<br>michael.brandess@huschblackwell.com |
| **Jason M. Torf** | Tucker Ellis LLP<br>312.256.9432<br>jason.torf@tuckerellis.com |
| **Christopher J. Battaglia** | Halperin Battaglia Benzija LLP<br>212.765.9100<br>cbattaglia@halperinlaw.net |
| **Dariusz T. Wator** | Wator & Associates, P.C.<br>708.974.0000<br>dtw@myillinoisatty.com |
| **Ryan Hardy** | Spencer Fane LLP<br>314.746.0047<br>rhardy@spencerfane.com |