**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Hon. David D. Cleary |
| TRP BRANDS, LLC, *et al.*, | ) | |
| | ) | Case No. 24-1529 |
| Debtors. | ) | |
| | ) | (Jointly Administered) |

**CREDITOR TRUSTEE'S AGENDA FOR JUNE 24, 2026 OMNIBUS HEARING**

1.    Matthew Brash, solely as Creditor Trustee of the Creditor Trust for the TRP Brands bankruptcy estates (the "Creditor Trustee"), by and through his counsel, Buchalter LLP, submits this Agenda for the June 24, 2026 omnibus hearing.

**I. MOTION FOR CASE MANAGEMENT PROCEDURES**

**A. Motion**

2.    Docket No. 1044 – Motion for Status Case Management Procedures.

**B. Relief Requested**

3.    The Creditor Trustee respectfully requests entry of the proposed Procedures Order, which is the product of extensive meet-and-confer efforts and negotiations with the parties that filed objections to the Motion and incorporates revisions made in response to those objections.

4.    The proposed order applies only to the adversary proceedings identified in Exhibit 1 thereto and for which Buchalter LLP serves as counsel to the Creditor Trustee.

**C. Proposed Next Omnibus Hearing**

5.    The Creditor Trustee respectfully requests that the Court set the next Avoidance Actions Omnibus Hearing approximately sixty (60) days following entry of the Procedures Order.

6.     At that Avoidance Actions Omnibus Hearing, the parties in covered adversary proceedings would report whether:

    a.  the matter has settled;

    b.  the parties intend to participate in mediation;

    c.  a defendant has elected to opt out of mediation; or

    d.  a dispositive motion remains pending and mediation obligations are deferred under the Procedures Order.

## II. ACTIVE MOTIONS REQUIRING COURT ACTION

7.     The following matters are presently pending and set for presentment or status at the June 24 hearing:

    a.  Creditor Trustee Rule 2004 Motion re Subpoena to CIBC Bank (24-1529) (Doc. 1071).

    b.  Creditor Trustee Motion for Default against Defendant Alan J. Sussman & Associates, Inc. (26-00035) (Doc. 11).

    c.  DMI Partners Motion to Dismiss (26-00051) Motion to Dismiss (Doc. 11). Amended Complaint (Doc. 13) filed.

    d.  Simmons Bedding LLC Motion to Dismiss (26-00057) Motion to Dismiss (Doc. 16).  Plaintiff intends to amend the complaint by July 1, 2026.

    e.  Total Quality Logistics, LLC (26-00101) Motion to Dismiss (Doc 17).  Plaintiff responded to the Motion to Dismiss.  Doc. 15.

    f.  Urban Mfg. Motion to Dismiss (26-00102) (Doc. 10).  Plaintiff filed an Amended Complaint.  Doc. 11.

    g.  Elements International Group, LLC (26-00129) Motion to Dismiss (Doc. 18). Plaintiff's Response to the Motion to Dismiss filed.  Doc. 15.

h. Deliveright Logistics Inc. (26-00137) Motion to Dismiss (Doc. 28). Plaintiff's Response to the Motion to Dismiss filed. Doc. 24.

i. StackLabs, LLC (26-00161) Second Motion to Dismiss (Doc. 17). Plaintiff's Response to the Motion to Dismiss filed. Doc. 15.

j. Locksley Place, Inc. (26-00204) Second Motion to Dismiss (Doc. 14). Plaintiff would like two weeks, through and including July 8, 2026, to file a response in opposition to the Second Motion to Dismiss.

k. James Campbell Company LLC (26-00207) Motion to Dismiss (Doc. 14). Plaintiff's Response to the Motion to Dismiss filed. Doc. 13.

## III. ADVERSARY PROCEEDINGS SUBJECT TO PROCEDURES ORDER

8. Except for adversary proceedings dismissed or settled, the Creditor Trustee anticipates that the remaining adversary proceedings covered by the Procedures Order will proceed through the sixty-day settlement period contemplated by the Order and thereafter, if necessary, into mediation.

9. The Creditor Trustee is actively engaged in settlement discussions in numerous proceedings and anticipates additional consensual resolutions before mediation commences.

10. The Creditor Trustee anticipates that those proceedings will either: resolve consensually during the sixty-day settlement period; proceed to mediation under the Procedures Order; or become subject to individualized case management if unique circumstances warrant.

## IV. CONCLUSION

11. The Creditor Trustee respectfully requests:

a. Entry of the proposed Procedures Order;

b. Scheduling of the next Avoidance Actions Omnibus Hearing approximately sixty (60) days thereafter;

3

c.  Such rulings as the Court deems appropriate on the active motions identified

above; and

d.  Such other and further relief as is just and proper.

Dated: June 17, 2026

/s/ Matthew M. Wawrzyn_____
Buchalter LLP
180 N. LaSalle St., Suite 2300
Chicago, IL 60601
mwawrzyn@buchalter.com
(312) 705-3908 (direct)
(773) 415-5288 (mobile)

*Attorney for Creditor Trustee*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing Creditor Trustee's

Agenda for the June 24, 2026 Omnibus Hearing was served on all parties entitled to notice via the

Court's CM/ECF system on June 17, 2026.

/s/ Matthew M. Wawrzyn_____