**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 24 B 1529 |
| | ) | (Jointly administered) |
| TRP BRANDS LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |

**ORDER DENYING REQUEST FOR CERTIFICATION OF DIRECT APPEAL**

This matter comes before the court on the request of Matthew Brash, in his capacity as Trustee of the TRP Brands Creditor Trust ("Creditor Trustee") for certification of direct appeal ("Request for Direct Appeal"). No party in interest filed a response to the Request for Direct Appeal within the timeframe set forth in Fed. R. Bankr. P. 8006(f)(3).

The Creditor Trustee asks the court to certify a direct appeal of this court's Memorandum Opinion and Order, each dated September 22, 2026 ("Opinion and Order"). In the Opinion and Order, the court denied the Creditor Trustee's motion for an order construing the amended joint chapter 11 plan and confirmation order regarding the insulation of trust assets from administrative claims ("Trustee Motion").[1] The Request for Direct Appeal is brought pursuant to 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8006(f). For the reasons stated below, the court will deny it.

## I. BACKGROUND

On February 2, 2024, the Debtors[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Later that year, the Debtors, FAP and the Committee filed a motion

[1] In the Trustee Motion, the Creditor Trustee also sought entry of an order enforcing certain alleged funding obligations of the backstop commitment party and the other Berman-related parties. Although the court denied this request, the Creditor Trustee did not appeal that portion of the court's ruling.

[2] Capitalized terms not defined in this order shall have the same meaning as in the Opinion and Order. The court presumes familiarity with the Opinion and Order.

seeking court approval for a compromise reached by and among those parties as well as the Berman-Related Entities. The court approved the compromise and, on June 11, 2025, confirmed the Debtors' plan. The Plan provided for establishment of a creditor trust and distribution of the trust assets pursuant to the terms of the Plan and Creditor Trust Agreement. The Creditor Trustee acts as a fiduciary for the beneficiaries of the Creditor Trust under the confirmed plan, administering the Plan in accordance with its terms and making distributions. As a condition to the Effective Date, the Debtor transferred assets to the Creditor Trust.

About ten months after the court confirmed the Plan, the Creditor Trustee filed the Trustee Motion. He argued in the Trustee Motion, among other contentions, that the assets of the Creditor Trust do not fund distributions to Holders of Allowed Administrative Expense Claims. Four parties filed responses in opposition to the Trustee Motion. On September 22, 2026, the court denied the Trustee Motion, finding that the Plan sets forth the treatment of claims and the method of distribution to allowed claims, which are funded from the Creditor Trust Assets and distributed in accordance with the priorities of the Bankruptcy Code. The Creditor Trust Agreement supported that finding, the court held, because distribution of the Creditor Trust Assets must be consistent with the priorities of the Bankruptcy Code.

The Creditor Trustee filed a timely notice of appeal from the Opinion and Order. Following the filing of the notice of appeal, the Creditor Trustee also filed this Request for Direct Appeal, which satisfies the procedural requirements of Fed. R. Bankr. P. 8006(f). The matter remains pending in this court until October 29, 2026, which is after the date of this order. Therefore, this court has jurisdiction to hear and determine the Creditor Trustee's request for certification. *See* Fed. R. Bankr. P. 8006(b).

## II. LEGAL DISCUSSION

28 U.S.C. § 158(d)(2)(A) provides in relevant part that:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that--
>
> > (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> >
> > (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> >
> > (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken[.]

28 U.S.C. § 158(d)(2)(A). "The twin purposes of [§ 158(d)(2)] were to expedite appeals in significant cases and to generate binding appellate precedent in bankruptcy, whose caselaw has been plagued by indeterminacy." *In re Pac. Lumber Co.*, 584 F.3d 229, 241–42 (5th Cir. 2009).

The court must make the certification if any one of the circumstances in § 158(d)(2)(A) exists. *See* § 158(d)(2)(B) ("If the bankruptcy court … determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists … then the bankruptcy court … shall make the certification described in subparagraph (A).").

The Creditor Trustee argues that the Request for Direct Appeal should be granted because both subsections (i) and (iii) are satisfied. Regarding subsection (i), the Creditor Trustee contends that there is "no controlling decision of the Supreme Court or the Seventh Circuit" regarding "the interaction between a plan provision assigning payment to the debtor under § 1129(a)(9)(A) and a separate implementation provision directing distributions from creditor-trust assets." Request for Direct Appeal, ⁋ 7. He frames the question of law as "whether the Plan's

specific treatment of Allowed Administrative Expense Claims as cash obligations payable 'by the Debtor' under 11 U.S.C. § 1129(a)(9)(A) permits those claims nevertheless to be satisfied from any Creditor Trust Assets, including Avoidance Actions and their proceeds." *Id.*, ⁋ 6.

Whether there is controlling precedent on this point is not relevant, because the issue framed by the Creditor Trustee in the Request for Direct Appeal was not the basis for the court's decision in the Opinion and Order.

Section 1129(a) lists the requirements that must be satisfied before a court shall confirm a chapter 11 plan. At the confirmation hearing on June 11, 2025, the court determined that the Plan satisfied the requirements of § 1129(a), including § 1129(a)(9)(A).[3] The Creditor Trustee filed the Trustee Motion nearly a year later, seeking ***interpretation*** of the confirmed Plan.

In order to resolve the Trustee Motion and interpret the Plan, the court reviewed the Plan and related documents – the Global Settlement Agreement, the Creditor Trust Agreement and the Effective Date Letter, among others – under the standards set forth by the Seventh Circuit and Illinois. "A confirmed plan of reorganization is in effect a contract between the parties and the terms of the plan describe their rights and obligations." *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 755 (7th Cir. 2002), *overruled on other grounds by Moore v. Club Exploria, LLC*, 187 F.4th 970 (7th Cir. 2026). The plain meaning of a contract's language governs its interpretation by Illinois courts. *See Util. Audit, Inc. v. Horace Mann Serv. Corp.*,

---

[3] (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that--

> (A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the ***allowed*** amount of such claim[.]

11 U.S.C. § 1129(a)(9)(A) (emphasis added).

383 F.3d 683, 687 (7th Cir. 2004) ("Under Illinois law ... contract terms are interpreted according to their plain meaning unless otherwise defined.").

As the court found ***at the confirmation hearing***, the Plan did not deviate from the requirements of § 1129(a)(9)(A). The Creditor Trustee did not object to confirmation of the Plan and did not appeal the confirmation order. In his motion, the Creditor Trustee only asked the court to interpret the meaning of Plan terms and, pursuant to § 1142, enforce funding obligations of the backstop commitment party, the Reorganized Debtors and the other Berman-related parties, not the Debtors' obligations under the Plan.[4] When asked postconfirmation in the Trustee Motion to ***interpret*** the Plan, the court reviewed the relevant documents under a contractual framework, not a statutory one. The Creditor Trustee appears to be aware that this was the proper standard for review, since he acknowledged in his motion at paragraph 35 that "[l]ower-court decisions addressing post-confirmation payment structures ***likewise turn on their particular plan and trust language***. *See, e.g., In re Jackson*, 434 B.R. 159, 166-67 (Bankr. S.D.N.Y. 2010); *In re Kennewick Public Hospital District*, No. 17-02025-WLH11, 2018 Bankr. LEXIS 3275, at *14 (Bankr. E.D. Wash. Oct. 19, 2018) (trust documents expressly made trust assets a source for the administrative claims at issue)." Request for Direct Appeal, ⁋ 35 (emphasis added).

In the end, the Creditor Trustee's request begs the question of whether he correctly identified the issue resolved by this court and the legal analysis it used to arrive at that resolution. The Opinion and Order does not involve a question of law as to which there is no controlling decision of the Seventh Circuit or the Supreme Court; instead, it involves a question of contract

[4] Although the title of the Trustee Motion appears to reflect a request to enforce funding obligations of the Reorganized Debtors, the prayer for relief does not mention them. In any event, the Creditor Trustee does not request certification of findings related to the Effective Date Letter or any funding requirements of the Reorganized Debtors, the backstop commitment party, and the other Berman-related parties.

interpretation and the documents supporting the architecture of this particular chapter 11 process. *See, e.g., Weber v. U.S. Trustee*, 484 F.3d 154, 158 (2d Cir. 2007) ("Congress believed direct appeal would be most appropriate where we are called upon to resolve a question of law not heavily dependent on the particular facts of a case[.]").

Therefore, there is no basis to certify the matter for direct appeal under 28 U.S.C. § 158(d)(2)(A)(i).

The Creditor Trustee also asserts that a direct appeal is appropriate under 28 U.S.C. § 158(d)(2)(A)(iii) because "[a] controlling appellate answer at the earliest available stage would allow the Creditor Trustee, claimants, and beneficiaries to administer the Trust under a settled rule before litigation recoveries are allocated or distributed. It would also avoid the cost and delay of serial review while the same uncertainty continues to govern reserves and distributions." Request for Direct Appeal, ⁋ 41.

The statutory standard, however, is whether "an immediate appeal from the judgment, order, or decree may ***materially advance the progress of the case***[.]" 28 U.S.C. § 158(d)(2)(A)(iii) (emphasis added). The Creditor Trustee is the fiduciary of the postconfirmation trust and is designated with the responsibility of making distributions to all Holders of Allowed Claims. He may disagree with the court's decision, but he has not explained how allowing the matter to proceed through the normal appellate process prevents the material advancement of this case.

Moreover, if the standard for certifying a direct appeal included "avoid[ing] the cost and delay of serial review," then all such requests would be granted. *See In re Lehman Bros. Inc.*, No. 13 CIV. 5381 DLC, 2013 WL 5272937, at *5 (S.D.N.Y. Sept. 18, 2013) ("[I]f the mere expectation of advancement to a circuit court was sufficient to establish material advancement,

Section 158(d)(2)(A) would effectively eliminate the district court from the bankruptcy review process altogether.”).

Every appeal that is taken first to the District Court and then to the Court of Appeals incurs additional cost and delay. However, nothing prohibits the Creditor Trustee from continuing to administer the Creditor Trust. Therefore, a direct appeal is unlikely to materially advance the progress of the case.

## III. CONCLUSION

For all of the reasons stated above, the court will not certify this matter for direct appeal. Therefore, **IT IS ORDERED THAT** the Request for Direct Appeal is **DENIED**.

ENTERED:

Date: October 26, 2026

DAVID D. CLEARY
United States Bankruptcy Judge